IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES LEE MACK, JR.                                                                PLAINTIFF

VS.                                        CIVIL ACTION NO. 4:13cv6-DPJ-FKB

MISSISSIPPI DEPARTMENT OF
CORRECTIONS, et al.                                            DEFENDANTS

## **REPORT AND RECOMMENDATION**

James Lee Mack, Jr., brought this action pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement at Walnut Grove Correctional Facility and East Mississippi Correctional Facility. All defendants have filed motions for summary judgment based upon Plaintiff's failure to exhaust his administrative remedies. Having considered the motions, and having heard argument on them at the omnibus hearing held on August 28, 2013, the undersigned recommends that all of Plaintiff's claims be dismissed without prejudice.

The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), requires that an inmate bringing a civil rights action in federal court first exhaust his administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998). This exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 992 (2002). The requirement that claims be exhausted prior to the filing of a lawsuit is mandatory and non-discretionary. *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012). The evidence is undisputed that as of January 1, 2013, the date of the filing of the instant action, Plaintiff had failed to complete the administrative remedies process as to any of his claims. Indeed, Plaintiff admitted in his complaint that

he had failed to exhaust his claims.  For this reason, the undersigned recommends that Defendants' motion be granted and that this action be dismissed without prejudice.

The parties are hereby notified that failure to file with the Clerk written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 11th day of September, 2013.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE